UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| JODY DEJUAN BURGANS ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | No. 1:10-cv-334 |
| ) | *Chief Judge Curtis L. Collier* |
| HAMILTON COUNTY SHERIFF JIM ) | |
| HAMMOND; ) | |
| ) | |
| *Defendant.* ) | |

## **MEMORANDUM**

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. §1983 (Court File No. 2) and a motion to amend (Court File Nos. 10, 20).[1] During the relevant time period, Plaintiff was incarcerated at the Hamilton County Jail in Chattanooga, Tennessee. Plaintiff asserts that due to the failure of jail personnel to follow standard rules, Devante Lovinggood ("Lovinggood"), a juvenile inmate, struck him in the back of the head several times. Plaintiff further alleges he was not "given any follow up by the medical staff" (Court File No. 2). Construing the complaint liberally as the Court was required to do, and "out of an abundance of caution[,]" the Court permitted the complaint to be served (Court File No. 3).

Defendant filed his answer to Plaintiff's complaint and raised the affirmative defense that Plaintiff failed to exhaust the administrative remedies available to him as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Court File No. 8). The Court ordered the Defendant to submit proof to support his affirmative defense that Plaintiff failed to exhaust his

---

[1] Plaintiff initially filed an unsigned copy of his motion to amend which the Court directed the Clerk to return to Plaintiff for his signature (Court File No. 10). Upon receipt of the signed motion, the Clerk docked it as Court File No. 20.

remedies and permitted Plaintiff to file a reply to Defendant's response (Court File No. 13). The parties have made their submissions and the matter is ripe for review (Court File Nos. 16, 19).

**I.     Exhaustion of Remedies**

   **A.     Applicable Law**

The PLRA mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit. 42 U.S.C. § 1997(e)(a). In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court held inmates are not required to plead or demonstrate exhaustion in their complaints. Rather, failure to exhaust administrative remedies is an affirmative defense under the PLRA, thus the burden is on a defendant to plead and prove the prisoner failed to exhaust his administrative remedies. *Id*. at 211-12. The Court also held "that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id*. at 923. Finally, the Supreme Court held that a complaint containing both exhausted and unexhausted claims should not be dismissed in its entirety but rather, the district court should proceed with the exhausted claims while dismissing the unexhausted claims. *Id*. at 218-23.

Administrative remedies have been deemed exhausted when prison officials fail to respond to inmate grievances because the failure to respond effectively renders those administrative remedies unavailable. *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (concluding prison officials' failure to respond to an inmate grievance renders the administrative remedies unavailable "because we refuse to interpret the PLRA so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to the grievances." (internal punctuation and citations omitted)). Indeed, the Sixth Circuit has concluded "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance."

2

*Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996 (6th Cir. 2004).

      **B.**      **Hamilton County Jail's Grievance Policy**

The inmate grievance procedure in effect at Hamilton County Jail during the relevant time period required inmates to utilize an informal resolution process prior to submission of a formal grievance form (Court File No. 16-4, Exhibit C ). Nevertheless, the procedure provides an inmate must file a formal grievance within ten (10) days of the alleged incident unless there are extenuating circumstances (Court File No. 16-4, ¶ F.1). Although Plaintiff's grievance was timely filed,[2] the Court notes the Jail Inmate Handbook submitted to the Court does not reflect a grievance must be filed with ten (10) days of the alleged incident. The Hamilton County Jail Policies and Procedures includes such a limitation, but the Court is unable to determine whether inmates are provided with the information explaining the 10-day limitation period.

The Hamilton County Jail's policy for resolving a formal grievance is a several-step process which includes that an inmate will receive a written response to the grievance within ten working days (Court File 16-3, Exhibit B). If the inmate is dissatisfied with the resolution of the grievance, he may appeal to the Chief of Corrections on a grievance form within five (5) days from the date of the written response. The inmate must write "GRIEVANCE APPEAL" on the top of the grievance

---

      [2]      In his response to the Defendant's answer to the complaint, Plaintiff submitted an reply brief alleging he filed a grievance on November 8, 2010, and that he never received a response (Court File No. 11). Nothing in the record supports Plaintiff's claim that he filed a grievance on November 8, 2010. Plaintiff contends this incident occurred on October 23, 2010, thus, according to the jail policy, he was required to file his grievance on or before November 5, 2010. If Plaintiff did not file his grievance until November 8, 2010, it arguably would be untimely. Nevertheless, Defendant filed a copy of Plaintiff's grievance, which reflects it was timely filed on October 25, 2010 (Court File No. 16-2, Exhibit A).

3

form.

Although it does not appear the jail's procedure for having Captain John Swope receive and review the original grievance was followed, nor the procedure for having him determine whether it was substantiated or unsubstantiated before forwarding it to Lt. Coppinger was followed (Court File No. 16-1, Affidavit of John Swope), it appears Plaintiff's grievance was reviewed by Lt. Evans and both parties agree Plaintiff discussed the matter with Sgt. Carlisle. The grievance reflects it was reviewed by Lt. Evans, delegated to Lt. Knight, and Sgt. Carlisle noted the inmate had been "written up on disciplinary." In addition, there is an unexplained notation, i.e., "complaint against staff 10-25-10" (Court File No. 16-2, Exhibit A). Accordingly to Captain Swope's affidavit, Plaintiff received a copy of his grievance indicating the other party had been disciplined. Captain Swope does not explain, however, who provided Plaintiff with a copy of his grievance or whether a response was provided to Plaintiff within ten working days of receiving the grievance as required by the jail procedures. In his complaint, Plaintiff denies he received a written response. Plaintiff does state, however, that on November 16, 2010, he spoke with Sgt. Carlisle and was told it had been handled. Plaintiff did not appeal that decision.

Whether Plaintiff was prevented from exhausting his administrative remedies or simply failed to do so, is not clear. Although Captain Swope avers "Inmate Burgans filed his grievance and a copy was returned to him indicating that the other party had been disciplined[,]" (Court File No. 16-1, ¶ 13), and "Inmate Burgans did not file an appeal of the resolution of this grievance[,]" (*Id.* at ¶ 14), he fails to provide any factual details from which the Court can conclude the jail followed its grievance procedure in a timely manner. Plaintiff, who does not specifically deny receiving a copy of the grievance with the note indicating the other party had been disciplined, denies receiving

4

a "response" to his grievance but admits speaking with Sgt. Carlisle. In addition, there is nothing in the record indicating Plaintiff received a timely response. The record clearly reveals Plaintiff did not appeal the decision and, as explained by Captain Swope in his affidavit, the haphazard manner in which this grievance proceeded demonstrates the Hamilton County Jail failed to follow their own procedure for handling inmate grievances in this instance.

Moreover, there is nothing in the record which permits this Court to infer Plaintiff received a proper timely response to his grievance which would require Plaintiff to invoke the next step of the grievance procedure. Sgt. Carlisle has not submitted an affidavit averring he gave Plaintiff a copy of his grievance within ten days from when it was filed. In addition, it is undisputed that personnel did not follow the Hamilton County Jail's Grievance Process Procedure in this case. Consequently, under the circumstances of this case, Plaintiff's efforts appear to have been sufficient to exhaust his remedies, as "[i]t is well established that administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance." *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011)(internal punctuation and citations omitted) (reversing a grant of summary judgment and remanding case to district court after finding the prisoner's efforts to exhaust administrative remedies were sufficient); *see also Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) ("We believe that a remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a)[.]").

In summary, Sheriff Hammond has not presented any credible evidence demonstrating Plaintiff's efforts were insufficient to exhaust administrative remedies under the circumstances of this case. Therefore, Defendant has not demonstrated Plaintiff failed to exhaust his administrative remedies. Absent specific evidence of when Plaintiff was provided a copy of his grievance and by

5

whom, Defendant has not satisfied his burden and the Court concludes Plaintiff's claims will not be dismissed for failure to exhaust administrative remedies. Nevertheless, as explained below, Plaintiff's claims will be dismissed for other reasons.

The Sixth Circuit has instructed that a district court has "a statutorily imposed gatekeeping function[,]" *Briner v. City of Ontario*, 370 Fed.Appx. 682, 706 (6th Cir. March 26, 2010) (citing 28 U.S.C. §§ 1915A and 29 U.S.C. § 2254), which continues "throughout the entire litigation process" under § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *abrogated on other grounds*, *Jones v. Bock*, 549 U.S. 199, 205 (2007). "A case that may not initially appear to meet § 1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section." *Id.* At 608. To that end, for the reasons explained in more detail below, the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief may be granted.

**II.  Review Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

> When screening a prisoner complaint, a district court must examine both § 1915(e)(2) and § 1915A. If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of § 1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet § 1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997), *abrogated on other grounds*, *Jones*

*v. Bock*, 549 U.S. 109, 205 (2007). Thus, a court must dismiss a cause of action filed *in forma pauperis* against any defendant at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. § 1915(e)(2).

"Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kansas Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). Under this standard, the Court liberally construes the allegations of a *pro se* plaintiff, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and accepts the allegations of the complaint as true and construes the allegations in the light most favorable to the plaintiff. *Perkins*, 165 F.3d at 806. "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff asserts he was attacked by a juvenile inmate because jail personnel failed to follow the standard rules of keeping juveniles separate from the adult population and restraining juveniles. In his complaint, Plaintiff contends he suffered several blows to the head and he was not "given any follow up by the medical staff[.]" (Court File No. 2). Thus, construing the complaint liberally, the Court construes Plaintiff's complaint as alleging deliberate indifference to his safety and denial of medical care against Hamilton County.

Upon further review of the complaint, it is evident Plaintiff is not able to allege facts sufficient to state a plausible claim under 42 U.S.C. § 1983 for the alleged deliberate indifference to his safety or serious medical injury. *See Farmer v. Brennan*, 511 U.S. 825, 844 (1994). In addition, Plaintiff does not allege this incident was the result of a policy or custom of the County.

7

Even Plaintiff's motion to amend, which the Court will address first since it previously reserved ruling on the motion, does not allege this incident occurred as a result of a policy or custom of the County.

### A.     *Capacity*

Before the Court is Plaintiff's complaint and his motion to amend (Court File Nos. 2, 10, 20). Plaintiff initially identified the Hamilton County Jail as the defendant. Due to the Court's inability to discern the details of the claims and out of an abundance of caution, the Court substituted Sheriff Jim Hammond as the correct defendant since he is responsible for the prisoners in the Hamilton County Jail, and the jail is not a legal entity amenable to being sued under 42 U.S.C. § 1983. In his motion to amend, Plaintiff identifies Chief Shockley, Captain Swope, Lt. Coppinger, Sgt. Minton, and Officer Fain as defendants[3] in this action (Court File No. 10). Plaintiff, however, has failed to identify in what capacity he has sued the defendants. Specifically neither the motion to amend nor the complaint nor amendment indicates whether the individuals named as defendants are being sued in their official capacities, individual capacities, or both.

A suit brought against a public, government official will not be construed as seeking damages against the defendant in his or her individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir.), *cert. denied*, 515 U.S. 1116 (1995); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993); *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993); *Hardin v. Straub*, 954 F.2d 1193, 1199-1200 (6th Cir. 1992); *Wells v. Brown*, 891 F.2d

---

[3] Because the remainder of the memorandum is resolving the complaint and the motion to amend, and the motion to amend requests to add several Defendants, the Court will use the plural form of defendant.

591 (6th Cir. 1989); *Johnson v. Turner*, 855 F. Supp. 228, 231 (W.D. Tenn. 1994), *aff'd,* 125 F.3d 324 (6th Cir. 1997). Generally, absent any express indication a defendant is being sued in his individual capacity, the Court must assume he is being sued only in his official capacity as an employee of the governmental entity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.), *cert. denied*, 502 U.S. 883 (1991); *Wells*, 891 F.2d at 593-94.

Although it is preferable that plaintiffs explicitly state whether a defendant is sued in his or her individual capacity, the failure to do so is not fatal if the complaint or other filed documents provide sufficient notice to the defendant that he is being sued as an individual. In *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001), the caption on Moore's complaint listed the officers' names, not their official titles; the complaint referred to the officers throughout as the "individual defendants;" the complaint identified the officers as "acting for themselves and for the City . . .;" and Moore sought compensatory and punitive damages against each of the defendants. The Sixth Circuit stated that taken as a whole, the complaint likely provided sufficient notice to the officers that they were being sued as individuals. *Id*. at 774. However, the Sixth Circuit ruled "Moore's response to the officers' motion to dismiss clarified any remaining ambiguity: 'The individuals named are police officers who are being sued in their individual capacities for using excessive and unreasonable force while making an arrest of the Plaintiff on April 7, 1996.'" *Moore v. City of Harriman*, 272 F.3d at 773, 774.

Although Plaintiff does seek monetary damages in addition to injunctive relief, and the request for monetary damages is one factor which might place an individual on notice he is being sued in this individual capacity, that alone is insufficient to place an official on notice that he is being sued in his individual capacity. *See Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002)

9

("Although *Moore* recognizes that the request for monetary damages is one factor that might place an individual on notice that he is being sued in his individual capacity, we do not read that case as holding that a request for money damages is alone sufficient to place a state official on notice that he is being sued in his individual capacity").  In the instant case, Plaintiff requests the Court to assign a federal official to the Hamilton County Jail, assign one specific floor at the Hamilton County Jail for housing juvenile inmates, and  "[a]ward me monotary [sic] support in the amount of 3.5 million dollars" (Court File No. 2, at 3).[4]  This request for monetary damages is insufficient to indicate any of the defendants are being sued in their individual capacities.

Neither the complaint before this Court nor the motion to amend is analogous to the complaint in *Moore*.  In this case, Plaintiff failed to specify in his complaint he was suing any defendant as an individual, rather than in his or her official capacity.  Indeed, Defendants are identified in the style of the case and in the body of the complaint and the motion to amend by their official titles (Court File No. 10).  Thus, absent any clear indication in the complaint or motion to amend the Defendants are being sued in their individual capacities, the Court must assume they are being sued in their official capacity.  *Id*. at 772.

Claims against Defendants in their official capacities are treated as an action against the governmental entity.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992).  Because Defendants have been sued only in their official capacities as employees of Hamilton County, Tennessee, the Court must proceed as if Plaintiff has in fact sued

---

[4] The request to have a federal official assigned to the Hamilton County Jail and a floor designated for juveniles are moot, as Plaintiff is no longer incarcerated at the Hamilton County Jail. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (request for declaratory and injunctive relief deemed moot as plaintiff was no longer confined to that institution).

10

Hamilton County. Therefore, in order to prevail, Plaintiff must demonstrate the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by Hamilton County. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990).

In order to prevail in an action against a defendant in his official capacity, a plaintiff must show, first, he has suffered harm because of a constitutional violation and second, a policy or custom of the entity--in this case, Hamilton County--caused the harm. *See Collins v. Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Plaintiff must identify the policy, connect the policy to the county itself, and show the particular injury was incurred because of the execution of the policy; all of which Plaintiff has failed to do. *See Garner v. Memphis Police Dept.* 8 F.3d 358, 363-64 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted).

Plaintiff does not allege the violation of his rights resulted from any policy or custom on the part of Hamilton County. To the contrary, Plaintiff alleges his rights were violated because the defendants negligently failed to enforce certain policies. Plaintiff's failure to demonstrate the alleged violations of his constitutional rights resulted from acts representing official policy or custom adopted by Hamilton County, has resulted in his failure to state a constitutional violation. Accordingly, all Defendants are entitled to judgment as a matter of law; thus, the motion to amend will be **DENIED as FUTILE** (Court File Nos. 10, 20) and the complaint will be **DISMISSED** in its entirety for failure to state a claim upon which relief may be granted (Court File No. 2).

Even if Plaintiff had sued Defendants in their individual capacities, as explained below, the complaint and motion to amend would still be dismissed pursuant to 28 U.S.C. § 1915(e) for failure

to state an Eighth Amendment claim for deliberate indifference to his safety or serious medical needs.

### B.     *Deliberate Indifference to Safety*

The Eighth Amendment prohibits the intentional infliction of cruel and unusual punishment on an inmate. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). To determine whether a violation of the Eighth Amendment occurred in the context of an assault upon an inmate, the Court must determine whether the defendant's conduct amounted to a "deliberate indifference" to a risk of injury to the plaintiff. *Nelson v. Overberg*, 999 F.2d 162, 165 (6th Cir. 1993) (citing *Whitley v. Albers*, 475 U.S. 312, 318 (1986); *Estelle v. Gamble*, 429 U.S. at 104. To support a § 1983 action, a plaintiff "must establish something more than a lack of ordinary due care, inadvertence or error. The conduct must be 'obdurate' or 'wanton' exhibiting recklessness or callous neglect." *Nelson*, 999 F.2d at 165. To prove deliberate indifference requires the inmate prove an officer "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *cf. Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990) (prison official displays deliberate indifference when "he causes unnecessary and wanton infliction of pain on the [inmate] by deliberately disregarding a serious threat to the [inmate]'s safety after actually becoming aware of that threat. A mere inadvertent or negligent failure to adequately protect the [inmate] does not constitute deliberate indifference.").

Thus, it is clear prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *See Wilson v. Seiter*, 501 U.S. at 303. However, it is also clear that every injury suffered by one prisoner at the hands of another does not translate into constitutional liability for

12

prison officials responsible for the victim's safety. To show a prison official has violated an inmates Eighth Amendment right, two requirements must be met. First, the deprivation alleged must be objectively, "sufficiently serious." *Wilson,* 501 U.S. at 298; *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). Meaning the prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). For a claim on failure to prevent harm, the inmate must show he is incarcerated under conditions posing a substantial risk of serious harm. Second, a prison official must have a sufficiently culpable state of mind. In this case, the state of mind of the prison official would have to be one of deliberate indifference to inmate safety.

In sum, to establish a claim under § 1983 for failure to protect from violence, an inmate must show he suffered a serious or significant physical injury, and the prison officials had a sufficiently culpable state of mind. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). "To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). A defendant is responsible under § 1983 if "he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist." *Comstock*, 273 F.3d at 703 (internal punctuation and citation omitted). The official's mental state must rise to "deliberateness tantamount to intent to punish." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994).

Applying these principles to the instant case, and accepting Plaintiff's allegations as true and viewing the evidence presented in a light most favorable to him, there is no evidentiary basis from

13

which the Court can infer prison officials possessed the required culpable mental state. In the case before this Court, Plaintiff claims he was "attacked/assulted [sic]" by a juvenile inmate because prison officials failed to follow the rules of properly restraining the juvenile inmate and instructing Plaintiff to move to the opposite side of the hall. Plaintiff asserts the juvenile inmate has had multiple disciplinary write-ups for behavior problems, such as fighting. The fact the juvenile inmate previously had multiple disciplinary actions for behavior problems, including fighting, is insufficient to demonstrate prison officials had personal knowledge or the required culpable mental state to suspect the juvenile inmate would strike Plaintiff. There simply is no evidence before this Court from which it can conclude Defendants knew of a substantial risk of assault on Plaintiff.

Plaintiff has not alleged anyone had a sufficiently culpable state of mind. Indeed, in his complaint he alleges a failure to follow jail policy and in a letter he submitted to the Court he contends the incident "clearly shows neglegence [sic] on the officers behalf!" (Court File No. 4). The Supreme Court, however, has instructed, "deliberate indifference describes a state of mind more blameworthy than negligence." *Id.* at 835. Consequently, Plaintiff has failed to set forth any specific facts that would lead the Court to conclude he was assaulted as the result of any of the defendants exhibiting a deliberate indifference to his safety. This Court is not required to invent and conjure up unpleaded claims and allegations for *pro se* litigants, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), or accept as true, legal conclusions or unwarranted factual inferences. *See In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997) *cert. denied*, 523 U.S. 1106 (1998); *Lewis v. ACB Business Services Inc.*, 135 F.3d 389, 405 (6th Cir. 1998); *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998); *Columbia Natural Resources Inc., v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

14

Moreover, Plaintiff does not allege any injury. Although he claims to have suffered several blows to the back of the head (Defendant admits the juvenile struck Plaintiff but denies the number of blows), he does not allege any injury in his complaint or in his proposed amendment (Court File No. 2, 10). Indeed, in a letter Plaintiff wrote to the Court, he explained he suffered "a slight headache." (Court File No. 4).

In sum, aside from the fact Plaintiff did not suffer a serious injury, Plaintiff has failed to submit any facts to indicate Sheriff Hammond or any defendant named in the motion to amend had a sufficiently culpable state of mind. Since there is nothing to indicate any defendant was deliberately indifferent to Plaintiff's safety, the Court does not find anything to indicate any defendant had a sufficiently culpable state of mind. Furthermore, there are no factual allegations to indicate Plaintiff was assaulted as a result of any constitutional violation on the part of any Hamilton County Jail employee. Therefore, Plaintiff has failed to state a claim upon which relief can be granted for deliberate indifference to his safety. 28 U.S.C. § 1915(e).

### C. *Medical Claim*

Plaintiff claims after he was hit by the juvenile inmate, he was not given any follow up by the medical staff at Hamilton County Jail (Court File No. 1). To allege a proper Eighth Amendment claim on the basis of deliberate indifference to a serious medical need, a prisoner must allege both a serious medical need and demonstrate the official had a sufficiently culpable mind, i.e., the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff has failed to allege either as he has failed to allege or describe a serious medical need or demonstrate jail personnel were deliberately indifferent. In his letter to the Court, Plaintiff admits he was seen by medical staff right after the assault, at which time he

15

suffered "a light headache." (Court File No. 4). In addition, in his reply to Sheriff Hammond's Answer to the Complaint, Plaintiff states "Medical Staff (Nurse) Ms. Patty took Blood Pressure from Plaintiff and assumed that was why his head was hurting." (Court File No. 11). Thus, aside from the fact Plaintiff's complaint does not allege an injury, Plaintiff's own filings demonstrate he received medical care and he did not suffer a serious injury. Consequently, Plaintiff has alleged neither a serious medical need nor a sufficiently culpable mind on the part of the jail personnel.

Accordingly, Plaintiff simply has not alleged a viable Eighth Amendment violation for deliberate indifference to a serious medical need.

**IV.    Conclusion**

Aside from the Court's conclusion the Defendants are entitled to a judgment as a matter of law for failure to state a claim upon which relief may be granted, the Court alternatively concludes Plaintiff has not provided any facts from which the Court can infer, or which demonstrates the Plaintiff suffered a serious injury or that any defendant possessed the requisite mental culpability of deliberate indifference to Plaintiff's safety or serious medical needs. Plaintiff's complaint fails to state an Eight Amendment violation and does not demonstrate a deprivation of any federally protected civil rights.

Accordingly, Plaintiff's § 1983 complaint against Sheriff Hammond will be **DISMISSED** *sua sponte,* in its entirety pursuant to 28 U.S.C. §1915(e)(2), for failure to state a claim upon which relief may be granted, and his motion to amend will be **DENIED as FUTILE** (Court File Nos. 10, 20).

An appropriate judgment will enter.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**

17